# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JALINSKI ADVISORY GROUP, INC.,

|  |  |
|---|---|
| Plaintiff / Counter-Defendant, | Case No. 2:18-cv-12161 |
| | Honorable Sean F. Cox |
| v. | Magistrate Judge Anthony P. Patti |
| THE HAMO GROUP OF WELLS FARGO ADVISORS, | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| Defendant / Counter-Plaintiff. | |

---

| | |
|---|---|
| Maurice N. Ross | Sherrie L. Farrell (P57205) |
| BARTON LLP | Samantha L. Walls (P75727) |
| Attorneys for Plaintiff | Attorneys for Defendant / Counter-Plaintiff |
| 420 Lexington Avenue, Suite 1830 | |
| New York, NY 10170 | DYKEMA GOSSETT PLLC |
| (212) 687-6262 mross@bartonesq.com | 400 Renaissance Center |
| | Detroit, MI 48243 |
| Lee T. Silver (P36905) | (313) 568-6800 |
| Michael L. Gutierrez (P79440) | sfarrell@dykema.com |
| SILVER & VAN ESSEN, P.C. | swalls@dykema.com |
| Local Counsel for Plaintiff | |
| 300 Ottawa Avenue, NW, Suite 620 | |
| Grand Rapids, MI 49503 | |
| (616) 988-5600 | |
| ltsilver@silvervanessen.com | |
| mgutierrez@silvervanessen.com | |

---

Defendant The Hamo Group of Wells Fargo Advisors ("Hamo Group"), by

and through its attorneys hereby submits its Answer, Affirmative Defenses, and

*DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243*

Counterclaims ("Answer") to Plaintiff Jalinski Advisory Group, Inc.'s ("Jalinski")

Original Complaint ("Complaint") as follows:

<u>**Nature of Action and Relief Sought**</u>

1.      Hamo Group denies the allegations in Paragraph 1 of the Complaint.

2.      Hamo Group is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 2 of the Complaint,

and therefore denies the same.

3.      Hamo Group denies the allegations in Paragraph 3 of the Complaint.

4.      Hamo Group denies the allegations in Paragraph 4 of the Complaint.

5.      Hamo Group admits that Jalinski purports to seek injunctive and

monetary relief based on allegations for trademark infringement, unfair

competition, false designation of origin, and trademark dilution. Hamo Group

denies that the Hamo Group has committed any such acts and denies that Jalinski

is entitled to any relief whatsoever.

<u>**The Parties**</u>

6.      Hamo Group is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 6 of the Complaint,

and therefore denies the same.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

7.      Hamo Group admits that it is a Michigan entity having an address at 5406 Gateway Centre Drive, Suite D, Flint, MI 48507. Hamo Group denies the remaining allegations in this paragraph.

## Jurisdiction and Venue

8.      Hamo Group admits the allegations in this paragraph.

9.      Hamo Group admits that this Court has personal jurisdiction over Hamo Group based upon its contacts with this forum, but denies that Hamo Group committed any act giving rise to this lawsuit in this forum.

10.     Hamo Group admits the allegations in this paragraph.

## Facts Common to All Claims

**I.      Jalinski**

**A.      Jalinski's Brand and Services**

11.     Hamo Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Hamo Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13.     Hamo Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

### B.     Jalinski's Asserted Trademark Rights

14.     Hamo Group admits that U.S. Trademark Application Serial No. 86353875 identifies the mark "The Financial Quarterback," lists services in international class 41, and identifies Jalinski as the owner. Hamo Group further admits that the mark in this application was registered by the United States Patent and Trademark office ("USPTO") on April 21, 2015, based on an application filed July 31, 2014. Hamo Group denies the remaining allegations in this paragraph.

15.     Hamo Group admits that U.S. Trademark Application Serial No. 77752160, Registration No. 3782665, identifies the mark "Financial Quarterback," lists services in international class 36, and identifies Jalinski as the owner by assignment. Hamo Group further admits that the mark in this application was registered by the USPTO on April 27, 2010, based on an application filed June 4, 2009.  Hamo Group further admits that a declaration of incontestability under Section 15 of the Trademark Act, 15 U.S.C. §1065 for this registration has been acknowledged by the USPTO.  Hamo Group admits that U.S. Trademark Application Serial No. 86314778, Registration No. 5346562, identifies the mark "The Financial Quaterback," lists services in international class 36, and identifies

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Jalinski as the owner. Hamo Group further admits that the mark in this application was registered by the USPTO on November 28, 2017, based on an application filed June 19, 2014. Hamo Group denies the remaining allegations in this paragraph.

16.     Hamo Group admits that U.S. Trademark Application Serial No. 86318879, Registration No. 5346563, identifies the mark "The Financial Quarterback," identifies services in international class 35, and lists Jalinski as the owner. Hamo Group further admits that the mark in this application was registered by the USPTO on November 28, 2017, based on an application filed June 24, 2014.  Hamo Group denies the remaining allegations in this paragraph.

17.     Hamo Group admits that pending U.S. Trademark Application Serial No. 86318944 identifies the mark "The Financial Quarterback," lists goods in international Class 9, and identifies Jalinski as the owner. Hamo Group denies the remaining allegations in this paragraph.

18.     Hamo Group denies the allegations in this paragraph.

## II.     Hamo Group's Activities

19.     Hamo Group admits that it provides financial management, investment management, investment advisory, financial planning, and financial advisory services to its clients.  Hamo Group denies the remaining allegations in this paragraph.

20.     Hamo Group denies the allegations in Paragraph 20 of the Complaint.

21.     Hamo Group denies the allegations in Paragraph 21 of the Complaint.

22.     Hamo Group admits that it is not related to or affiliated with Jalinski. Hamo Group denies the remaining allegations in this paragraph.

23.     Hamo Group denies the allegations in Paragraph 23 of the Complaint.

24.     Hamo Group denies the allegations in Paragraph 24 of the Complaint.

25.     Hamo Group denies the allegations in Paragraph 25 of the Complaint.

## COUNT I
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (Jalinski's Class 41 Trademark)

26.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

27.     Hamo Group denies each and every allegation in Paragraph 27 of the Complaint.

28.     Hamo Group denies each and every allegation in Paragraph 28 of the Complaint.

29.     Hamo Group denies each and every allegation in Paragraph 29 of the Complaint.

30.     Hamo Group denies each and every allegation in Paragraph 30 of the Complaint.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## COUNT II
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (Jalinski's Class 36 Trademarks)

31.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

32.     Hamo Group denies each and every allegation in Paragraph 32 of the Complaint.

33.     Hamo Group denies each and every allegation in Paragraph 33 of the Complaint.

34.     Hamo Group denies each and every allegation in Paragraph 34 of the Complaint.

35.     Hamo Group denies each and every allegation in Paragraph 35 of the Complaint.

## COUNT III
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (Jalinski's Class 35 Trademark)

36.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

37.     Hamo Group denies each and every allegation in Paragraph 37 of the Complaint.

38.     Hamo Group denies each and every allegation in Paragraph 38 of the Complaint.

39.     Hamo Group denies each and every allegation in Paragraph 39 of the Complaint.

40.     Hamo Group denies each and every allegation in Paragraph 40 of the Complaint.

## COUNT IV
## Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Jalinski's Class 41 Trademark)

41.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

42.     Hamo Group denies each and every allegation in Paragraph 42 of the Complaint.

43.     Hamo Group denies each and every allegation in Paragraph 43 of the Complaint.

44.     Hamo Group denies each and every allegation in Paragraph 44 of the Complaint.

45.     Hamo Group denies each and every allegation in Paragraph 45 of the Complaint.

46.     Hamo Group denies each and every allegation in Paragraph 46 of the Complaint.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## COUNT V
## Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Jalinski's Class 36 Trademarks)

47.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

48.     Hamo Group denies each and every allegation in Paragraph 48 of the Complaint.

49.     Hamo Group denies each and every allegation in Paragraph 49 of the Complaint.

50.     Hamo Group denies each and every allegation in Paragraph 50 of the Complaint.

51.     Hamo Group denies each and every allegation in Paragraph 51 of the Complaint.

52.     Hamo Group denies each and every allegation in Paragraph 52 of the Complaint.

## COUNT VI
## Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Jalinski's Class 35 Trademark)

53.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

54.     Hamo Group denies each and every allegation in Paragraph 54 of the Complaint.

55.     Hamo Group denies each and every allegation in Paragraph 55 of the Complaint.

56.     Hamo Group denies each and every allegation in Paragraph 56 of the Complaint.

57.     Hamo Group denies each and every allegation in Paragraph 57 of the Complaint.

58.     Hamo Group denies each and every allegation in Paragraph 58 of the Complaint.

## COUNT VII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (Jalinski's Class 41 Trademark)

59.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

60.     Hamo Group denies each and every allegation in Paragraph 60 of the Complaint.

61.     Hamo Group denies each and every allegation in Paragraph 61 of the Complaint.

62.     Hamo Group denies each and every allegation in Paragraph 62 of the Complaint.

63.     Hamo Group denies each and every allegation in Paragraph 63 of the Complaint.

64.     Hamo Group denies each and every allegation in Paragraph 64 of the Complaint.

## COUNT VIII
## Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
## (Jalinski's Class 36 Trademarks)

65.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

66.     Hamo Group denies each and every allegation in Paragraph 66 of the Complaint.

67.     Hamo Group denies each and every allegation in Paragraph 67 of the Complaint.

68.     Hamo Group denies each and every allegation in Paragraph 68 of the Complaint.

69.     Hamo Group denies each and every allegation in Paragraph 69 of the Complaint.

70.     Hamo Group denies each and every allegation in Paragraph 70 of the Complaint.

**COUNT IX**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. §**
**1125(c))**
**(Jalinski's Class 35 Trademark)**

71.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

72.     Hamo Group denies each and every allegation in Paragraph 72 of the Complaint.

73.     Hamo Group denies each and every allegation in Paragraph 73 of the Complaint.

74.     Hamo Group denies each and every allegation in Paragraph 74 of the Complaint.

75.     Hamo Group denies each and every allegation in Paragraph 75 of the Complaint.

76.     Hamo Group denies each and every allegation in Paragraph 76 of the Complaint.

**COUNT X**
**Common Law Trademark Infringement and Unfair Competition**

77.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

78.     Hamo Group denies each and every allegation in Paragraph 78 of the Complaint.

79.     Hamo Group denies each and every allegation in Paragraph 79 of the Complaint.

80.     Hamo Group denies each and every allegation in Paragraph 80 of the Complaint.

81.     Hamo Group denies each and every allegation in Paragraph 81 of the Complaint.

82.     Hamo Group denies each and every allegation in Paragraph 82 of the Complaint.

**COUNT XI**
**Unfair and Deceptive Practices under MCL 445.901-922**

83.     Hamo Group incorporates by reference its responses to the previous allegations to the extent those allegations have been incorporated into this paragraph.

84.     Hamo Group denies each and every allegation in Paragraph 84 of the Complaint.

85.     Hamo Group denies each and every allegation in Paragraph 85 of the Complaint.

86.     Hamo Group denies each and every allegation in Paragraph 86 of the Complaint.

87.    Hamo Group denies each and every allegation in Paragraph 87 of the Complaint.

88.    Hamo Group denies each and every allegation in Paragraph 88 of the Complaint.

## Relief Sought

Hamo Group denies that Jalinski is entitled any relief whatsoever, including the relief requested in the Relief Sought portion of the Complaint and paragraphs 1-5 thereto, and denies any allegations contained therein. Jalinski's prayer for relief should be denied with prejudice, and Jalinski should take nothing.

## Demand for Jury Trial

Jalinski's jury demand requires no answer. Hamo Group demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials hereinabove set forth in the Answer, without admitting any of Jalinski's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law on Jalinski, Hamo Group asserts the following Affirmative Defenses to Jalinski's Complaint, and expressly reserves the right to allege additional Affirmative Defenses as they become known during this litigation:

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unenforceable Trademark Rights)

The claims alleged in Jalinski's Complaint (hereinafter "Jalinski's claims") are barred, in whole or in part, to the extent that Plaintiff's trademarks and/or trademark registrations are abandoned, invalid and/or unenforceable.

## THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

Jalinski's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## FOURTH AFFIRMATIVE DEFENSE
### (Generic, Descriptive, Lacks Secondary Meaning)

Jalinski's claims are barred, in whole or in part, on the basis that some or all of the plaintiff's marks are generic, descriptive, and lack secondary meaning.

## FIFTH AFFIRMATIVE DEFENSE
### (No False Designation of Origin or Likelihood of Confusion)

Jalinski's claims are barred, in whole or in part, on the basis that no acts or use or display of any mark by Hamo Group creates a false designation of origin or likelihood of confusion, in violation of any right alleged to be held or owned by Jalinski.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel, Acquiescence, Unclean Hands, and Laches)

The Complaint and each and every cause of action therein are barred, in whole or in part, by the doctrines of estoppel, acquiescence, unclean hands, and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Dilution)

Jalinski's claims are barred, in whole or in part, by the dilution of some or all of the alleged trademarks at issue, by virtue of extensive third-party use of the phrase "Financial Quarterback" across the nation.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Fame)

Jalinski's claims are barred, in whole or in part, because the marks upon which the Action was brought are not famous as that term is defined in 15 U.S.C. § 1125(c)(1).

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Jalinski's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## TENTH AFFIRMATIVE DEFENSE
### (No Causation)

Jalinski's claims are barred, in whole or in part, because Jalinski's damages, if any, were not caused by Hamo Group.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

### ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Usage)

Jalinski's claims are barred, in whole or in part, because the alleged acts of The Hamo Group were neither willful, wanton, malicious, nor in bad faith.

### TWELFTH AFFIRMATIVE DEFENSE
### (Priority of Use)

Jalinski's claims are barred, in whole or in part, because to the extent Hamo Group used any marks upon which the Action was brought, such use was prior to Jalinski's first use of those marks, and therefore Hamo Group has superior rights in and to the phrase "financial quarterback" in connection with the stated services.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Jalinski's claims are barred, in whole or in part, by applicable statute of limitations. Hamo Group used the phrase "financial quarterback" in a brochure in 2006 and it has continuously used the phrase "financial quarterback" on its website since at least 2006. Hamo Group did not file this lawsuit until 2018.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Duplicative Recovery)

Jalinski's claims are barred, in whole or in part, because Jalinski seeks overlapping and duplicative recoveries for a single alleged wrong.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Unfair Competition)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

Jalinski's claims are barred, in whole or in part, because no act or action by Hamo Group constituted an act of unfair competition in violation of any right alleged to be held or owned by Jalinski.

### Reservation of Additional Defenses

Hamo Group reserves all affirmative defenses under the Federal Rules of Civil Procedure and any other defense, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

### COUNTERCLAIMS

1.     Defendant/Counter-Plaintiff Hamo Group files this Counterclaim against Plaintiff/Counter-Defendant Jalinski, and in support of these counterclaims alleges as follows:

### Parties

2.     Hamo Group is a Michigan entity with its principal place of business at 5406 Gateway Centre Drive, Suite D, Flint, MI 48507.

3.     Upon information and belief, Jalinski is a New Jersey corporation with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.

## **Jurisdiction and Venue**

4.     These counterclaims are brought under the Lanham Act, 15 U.S.C. § 1051, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.     This Court has subject matter jurisdiction over these counterclaims by virtue of 15 U.S.C. §§ 1119 and 1121 (Lanham Act), 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1338 (Patent, Trademark, Copyright), and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.     This Court has personal jurisdiction over Jalinski because, *inter alia*, Jalinski submitted to personal jurisdiction of this Court and venue in this District by commencing this action.

## **Background Facts**

7.     Hamo Group does not use, and has never used, the purported trademarks.

8.     Hamo Group had never heard of Jalinski and was not aware of the purported trademarks prior to this lawsuit.

9.     Hamo Group has used the term "financial quarterback" since 2006. During that time, over 12 years ago, Hamo Group used the term in its brochure in 2006 as a *sub-heading* to *describe* the various services Hamo Group offers. The brochure is attached as **Exhibit A**. Hamo Group also incorporates the phrase "financial quarterback" on its website under a description of Hamo Group's history

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

and has been doing so since 2006. A screenshot of Hamo Group's website is attached as **Exhibit B**.

10.     Jalinski alleges that it "demand[ed] [Hamo Group] cease this conduct" in 2015. Hamo Group never formally received this alleged demand letter in 2015. Hamo Group has requested evidence of any transmittal or receipt of the letter from Jalinski; however, Jalinski has yet to produce a record of service or any evidence that it was ever transmitted to the Hamo Group.

11.     The term "financial quarterback" is commonly used in the United States wealth management industry in reference to the coordination of generalized financial services, including financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management.

12.     The term "quarterback" is a common term used in business to refer to "a person who directs or coordinates an operation or project." *Quarterback*, English Oxford Living Dictionaries (2018), https://en.oxforddictionaries.com/definition/quarterback (accessed August 30, 2018).

13.     The term "financial quarterback" is often used in a descriptive nature in financial periodicals as a reference to the coordination of generalized financial services, including financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management. A

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 400 RENAISSANCE CENTER • DETROIT, MICHIGAN 48243

compilation of online publications demonstrating the generic and descriptive nature of the phrase "quarterback financial" is attached as **Exhibit C**.

14.     Hamo Group has used the phrase "financial quarterback" descriptively and/or generically prior to Jalinski's purported date of first use.

15.     Hamo Group has used the phrase "financial quarterback" descriptively and/or generically prior to Jalinski's filing dates for the purported trademarks.

16.     Jalinski has licensed use of the mark "The Financial Quarterback" to the original registrant of U.S. Trademark Registration No. 3,782,665, Investment Financial Services, Inc., without any contractual provisions or obligations relating to quality control.

17.     On information and belief, Defendant Jalinski has attempted to assert the purported trademarks against over 100 different financial advisory firms. Jalinski has sent hundreds of letters seeking a license or settlement, in hopes of receiving undue compensation. As this is only one of the multiple trademark infringement lawsuits Plaintiff has filed this year, Plaintiff is seemingly an IP licensing entity seeking to earn a quick pay day.

18.     As a result of Jalinski's litigious actions, Jalinski's Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, and 5,346,563 are currently subject to cancellation proceedings.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

19.    As set forth below, there is an actual and ongoing controversy between Jalinski and Hamo Group as to whether any alleged activity by Hamo Group infringes any valid and enforceable trademarks owned by Jalinski.

<u>**Count One:**</u>
**Declaratory Judgment of Non-Infringement**

20.    Hamo Group incorporates by reference the foregoing paragraphs of its Counterclaims.

21.    There are multiple prior and continuous third-party uses of the term "financial quarterback" in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management services.

22.    To the extent Jalinski has trademark rights in the asserted "FINANCIAL QUARTERBACK" or "THE FINANCIAL QUARTERBACK" marks, if at all, the asserted marks are generic, weak, and/or descriptive, and entitled to narrow protection.

23.    Any use by Hamo Group of the term "financial quarterback" is not likely to cause confusion, mistake, or deception, or confuse the relevant public as to source, sponsorship, or affiliation with Jalinski.

24.    There are significant differences in how Hamo Group's use of the term "financial quarterback" and Jalinski's purported trademarks are actually used in commerce, including differences in the services and/or goods, customers, and

channels of trade. Jalinski uses the term "financial quarterback" in radio broadcasts and podcasts. Hamo Group used the term as a subheading in a brochure in 2006 and uses it on its website in one sentence to describe its company's goals and objectives.

25.    Any use by Hamo Group of the term "financial quarterback" has existed in the marketplace without any confusion for many years, and it is not likely to cause confusion, mistake, or deception of origin.

26.    On information and belief, Hamo Group does not provide services in the same geographic location as Jalinski. For example, Hamo Group offers wealth management services for clients most of whom are located in or near Michigan.

27.    To the extent any trademark use occurred, Hamo Group used the term "financial quarterback" in a descriptive manner only.

28.    To the extent any trademark use occurred, Hamo Group's use of the term "financial quarterback" was fair use.

29.    Hamo Group would be damaged, and is being damaged, by the enforcement of Jalinski's purported trademarks against Hamo Group.

30.    Accordingly, Hamo Group is entitled to a declaratory judgment that it does not infringe or dilute the purported trademarks or otherwise violate state or federal statutory or common law.

## Count Two:
### Cancellation of Jalinski's Trademark Registrations

31.     Hamo Group incorporates by reference the foregoing paragraphs of its Counterclaims.

32.     On information and belief, third parties have continuously used the phrase "financial quarterback" generically and descriptively since before September 10, 2008—the alleged date of Jalinski's purported first use of the phrase in interstate commerce, indicated in U.S. Trademark Registration No. 4722740.

33.     The phrase "financial quarterback" is a term of art within the financial services industry. The registered marks are used in their ordinary meaning to describe financial services.

34.     The phrase "financial quarterback" does not create, in and of itself, a distinct commercial impression apart from its generic or descriptive meaning within the financial services industry.

35.     Furthermore, Jalinski's FINANCIAL QUARTERBACK Marks are descriptive in that the phrase immediately describes the services offered under those marks and such marks have not become distinctive in commerce. 15 U.S.C. § 1052(f).

36.     Furthermore, Jalinski's license of the mark "The Financial Quarterback" to Investment Financial Services, Inc. contains no provisions or

obligations relating to quality control so Jalinski is unable to exercise any control over Investment Financial Services, Inc.'s use of the mark.

37.     Accordingly, U.S. Trademark Registration No. 3,782,665 is subject to cancellation on grounds of genericness pursuant to 15 U.S.C. § 1064(3).

38.     Accordingly, U.S. Trademark Registration Nos. 4,722,740, 5,346,562, and 5,346,563 are subject to cancellation on grounds of genericness and descriptiveness pursuant to 15 U.S.C. §§ 1052(e), 1064(1), and 1064(3).

39.     Accordingly, U.S. Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, and 5,346,563 are subject to cancellation on the grounds that Jalinski does not control and is not able to legitimately exercise control over the use of the mark pursuant to 15 U.S.C. §1064(5).

## **Prayer for Relief**

WHEREFORE, Hamo Group respectfully prays that this Court:

a. Enter judgment in its favor and against Jalinski, dismissing with prejudice each of the claims asserted by Jalinski;

b. Declare, adjudge, and decree that Hamo Group has not infringed any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

c. Declare, adjudge, and decree that the use of the term "financial quarterback" by The Hamo Group does not infringe any rights that

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

d.  Declare, adjudge, and decree that Jalinski has not been damaged in any way by the use of the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

e.  Order cancellation of the asserted FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK Marks;

f.  Award Hamo Group its damages, costs, disbursements and attorneys' fees pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)); and

g.  Award Hamo Group such other and further relief in its favor as the Court deems appropriate.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Samantha L. Walls
    Sherrie L. Farrell (P57205)
    Samantha L. Walls (P75727)
    Attorneys for Defendant / Counter-
    Plaintiff
    DYKEMA GOSSETT PLLC
    400 Renaissance Center
    Detroit, MI  48243
    (313) 568-6800
    sfarrell@dykema.com
    swalls@dykema.com

Date:  September 7, 2018

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2018, I caused the above-referenced document to be served on the parties of record via this Court's ECF System, which will provide notification to all attorneys of record.

/s/ Samantha L. Walls
Samantha L. Walls
P75727